IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| QUEEN BLOUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv1025-CSC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On May 22, 2008, the plaintiff filed an application for attorney fees pursuant to the

Equal Justice Act, 28 U.S.C. § 2412(d).  (Doc. # 16).  Plaintiff's counsel requested that

payment of fees be paid to counsel.  The defendant does not object to the amount of

requested but does object to fees being paid to the plaintiff's attorney.

On May 5, 2008, the Eleventh Circuit Court of Appeals decided *Reeves v. Astrue*, ___

F.3d ___, 2008 WL 1930587 (11th Cir. May 5, 2008) (No. 07-11404) in which the Court

unambiguously held that "attorney's fees are awarded to the prevailing party, not to the

prevailing party's attorney." *Id.* Accordingly, upon consideration of the motion and for good

cause, it is

ORDERED as follows:

1.     That the plaintiff's application for attorney's fees and expenses (doc. # 16) be

and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED fees

and expenses in the amount of $1,318.19.

2.      To the extent that plaintiff's counsel requests that fees should be awarded to directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party.  *See* 28 U.S.C. § (d)(2)(B).  *See also Reeves v. Astrue*, ___ F.3d ___, 2008 WL 1930587 (11th Cir. May 5, 2008) (No. 07-11404).  The motion that fees be paid directly to counsel be and is hereby DENIED.

Done this 4th day of June, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE